|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | WESTERN DISTRICT OF WASHINGTON |
| 3 | AT SEATTLE |

TRANSWORLD HOLDINGS PCC LIMITED,

        Plaintiff,

  v.

GEOFFREY IAN CAIRNS, JAN DRAKE, DANIEL MACDONALD, SCOTT CHARLES BAISCH, ALEX BENJAMIN ENGELBERG, PAUL MURRAY, and MILLER THOMAS ABEL,

        Defendants.

C16-1025-TSZ

PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on plaintiff's motion for a preliminary injunction, docket no. 5.  For the following reasons, the motion is GRANTED in part and DENIED in part.

Plaintiff Transworld Holdings PCC Limited ("Transworld") became a creditor of a British Virgin Islands ("BVI") entity known as SecureOne Corporation ("SecureOne") in November 2015.  SecureOne granted a security interest in: (i) all shares in SecureOne as well as accompanying distributions, dividends, etc.; and (ii) all "rights, titles and interest in and to each Patent."  Anania Decl., docket no. 6, Ex. A (Ogier Deed § 5.3).  "Patent" is defined as "all patent rights owned by SecureOne Corporation including" two specifically enumerated patents.  *Id.* § 1.  Transworld believes that SecureOne's patent rights are at risk because it claims there are certain intellectual property rights that have not been assigned to SecureOne.  It cites two, the "Abel Disclosure" and the "Cairns Provisional"

PRELIMINARY INJUNCTION - 1

as examples of rights that were not assigned to SecureOne as required under their inventors' employment contracts. Transworld subsequently learned of an allegedly pending transaction involving the sale of SecureOne's source code (and hiring of SecureOne employees) by a man named John Poeta which would compete with SecureOne. *See* Anania Decl., docket no. 6, Ex. J. This motion followed.[1]

A plaintiff seeking a preliminary injunction must establish: (i) that he or she is likely to succeed on the merits; (ii) that he or she is likely to suffer irreparable harm in the absence of preliminary relief; (iii) that the balance of equities tip in his or her favor; and (iv) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has additionally held that "a preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," so long as the plaintiff additionally establishes the likelihood of irreparable injury and the public interest element. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132-35 (9th Cir. 2011). Plaintiff seeks a preliminary injunction solely in relation to its claim for declaratory judgment relating to the Cairns Provisional and Abel Disclosure.

The Court concludes that plaintiff has met the burden for a preliminary injunction with respect to these rights. Defendants' independent contracting agreements provided

---

[1] After setting a briefing schedule, docket no. 8, only two defendants responded. The first, Jan Drake, responded and addressed the merits. The second, Miller Thomas Abel in essence stated that he lacks a connection to the case or dispute, and agreed that he would not be disclosing or otherwise doing anything to impact the Abel Disclosure or Cairns Provisional. While counsel for defendant Baisch has since appeared, only Drake and Abel were represented at argument.

PRELIMINARY INJUNCTION - 2

that all intellectual property rights would be assigned to SecureOne.  *See, e.g.*, Drake Decl., docket no. 21, Ex. A (Baisch 2015 Consulting Agreement Ex. B).  Indeed, defendant Abel confirmed he has already assigned ownership over the Abel Disclosure to SecureOne.  Defendants appear to have no basis to exploit or otherwise disseminate these rights as it is likely that they are the sole property of SecureOne.  At argument, counsel for both Drake and Abel expressed no objection to the issuance of a preliminary injunction prohibiting their clients from exploiting, disclosing, or in any way transferring the Cairns Provisional and Abel Disclosure or any related rights.

It is hereby ORDERED that:

(1)     The motion for a preliminary injunction is GRANTED in part.  Defendants and any individual or entity acting on behalf or at the direction of defendants are ENJOINED from publically disclosing, transferring, or otherwise disposing of the Cairns Provisional and/or Abel Disclosure or any rights related to them, from August 4, 2016, until further order of the Court.

(2)     Plaintiff will not be required to post a bond.

(3)     Plaintiff's motion for expedited discovery is DENIED.

IT IS SO ORDERED.

Dated this 5th day of August, 2016.

Thomas S. Zilly
United States District Judge

PRELIMINARY INJUNCTION - 3